NELLIE CARD et al., Executors, etc., Respondents, *v.* THE
MANHATTAN RAILWAY COMPANY, Appellant.

(Submitted October 14, 1886; decided November 23, 1886.)

THIS was an action to recover damages for alleged negligence,
causing the death of plaintiffs' testator.

The following is the *mem.* of opinion :

"The opinion recently delivered in the case of *Solomon* v.
*The Manhattan Railway Company* (*note, ante, p.* 437) sub-
stantially covers all the questions raised by this appeal, and
makes it our duty to reverse the judgment of the courts below.
In both cases after the gates were shut and the intending pas-
senger was excluded and the train was in motion, the injured
party clung to the moving cars, and was thereby killed. In the
one case the deceased had his foot upon the car step and was
obviously making a physical effort to get upon the train ; in
this case the trial court deemed it debatable whether the de-
ceased was endeavoring to get upon the car, or was merely
walking along by the side of the moving train expostulating
with the gate-man. But disregarding all the evidence of the
defense and taking as true the plaintiff's proofs, two facts re-
main undisputed. After the gate was closed, and the train in
motion, the excluded passenger had hold of the stanchions of
the platform, clinging to them as the train moved while the
gate-man was pushing him away. Three witnesses for the
plaintiff saw the accident. The wife and sister observed only
the gate-man pushing the deceased at a moment when they
are unable to say whether the train had started or not ;
but the third witness, a passenger in an adjoining car, and
apparently wholly disinterested, testifies distinctly that after
the gate was slammed and the train in motion the deceased was
holding on to the iron standard supporting the roof of the plat-
form while the gate-man was trying to push him away, and that
this continued until the deceased disappeared from sight. It is
not material whether the act of the deceased should or should
not be deemed a physical effort to get upon the car. It was
an interference with the moving train, obviously dangerous and

imprudent, from which the injury resulted, and for which there was no necessity or excuse. The motion for a nonsuit should have been granted.'

*Edward S. Rapallo* for appellant.

*E. W. Simmons* and *S. W. Fullerton* for respondents.

FINCH, J., reads *mem.* for reversal and new trial.
All concur, except DANFORTH, J., not voting, and RAPALLO, J., taking no part.
Judgment reversed.